UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
TRENTON VICINAGE

**THE KELLY FIRM, P.C.**
Andrew J. Kelly, Esq.
1011 Highway 71, Suite 200
Spring Lake, New Jersey 07762
(732) 449-0525
akelly@kbtlaw.com
*Counsel to S. Henry Shaheen, Debtor and Debtor-in-Possession*

| | |
|---|---|
| In re:<br><br>S. HENRY SHAHEEN,<br><br>      Debtor. | Chapter 11<br><br>Case No. 17-33768<br><br>Hon. Christine M. Gravelle, USBJ |

## PLAN OF REORGANIZATION

Debtor/Plan Proponent respectfully submits its Plan of Reorganization pursuant to Chapter 11, Title 11 of the United States Code, in the form annexed hereto and made a part hereof.

By: _S. Henry Shaheen_
           S. HENRY SHAHEEN

Dated: _12—18_ , 2018

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
TRENTON VICINAGE

**THE KELLY FIRM, P.C.**
Andrew J. Kelly, Esq.
1011 Highway 71, Suite 200
Spring Lake, New Jersey 07762
(732) 449-0525
akelly@kbtlaw.com
*Counsel to S. Henry Shaheen, Debtor and Debtor-in-Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 17-33768 |
| S. HENRY SHAHEEN, | Hon. Christine M. Gravelle, USBJ |
| Debtor. | |

## PLAN OF REORGANIZATION

Debtor/Plan Proponent respectfully submits its Plan of Reorganization pursuant to Chapter 11, Title 11 of the United States Code, in the form annexed hereto and made a part hereof.

By: _____
                S. HENRY SHAHEEN

Dated: _____, 2018

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

II.     CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS . . .   1
        A.      General Overview . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1
        B.      Definitions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2
        C.      Unclassified Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7
                1.      Administrative Expenses and Fees . . . . . . . . . . . . . . . . . . . . . . .   8
                2.      Priority Tax Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9
        D.      Claims and Interests . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..........   10
                1.      Secured Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..........   10
                2.      Priority Unsecured Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14
                3.      General Unsecured Claims. . . . . . . . . . . . . . . . . . . . . . . . . ...........   14
                4.      Classes of Interest Holders. . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15
        E.      Means of Effectuating the Plan. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16
                1.      Funding for the Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16
                2.      Disbursing Agent. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

III.    TREATMENT OF MISCELLANEOUS ITEMS . . . . . . . . . . . . . . . . . . . . . . . .   16
        A.      Executory Contracts and Unexpired Leases. . . . . . . . . . . . . . . . . . . . . .   16
                1.      Assumptions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16
                2.      Rejections. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17
        B.      Changes in Rates Subject to Regulatory Commission Approval. . . . . . . . .   17
        C.      Retention of Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17
        D.      Procedures for Resolving Contested Claims. . . . . . . . . . . . . . . . . . . . . . .   18
        E.      Notices under the Plan. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18

IV.     EFFECT OF CONFIRMATION OF PLAN. . . . . . . . . . . . . . . . . . . . . . . . . . . .   19
        A.      Discharge. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19
        B.      Revesting of Property in the Debtor . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19
        C.      Modification of Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ....   19
        D.      Post-Confirmation Conversion/Dismissal. . . . . . . . . . . . . . . . . . . . . . . . .   20
        E.      Post-Confirmation Quarterly Fees. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   20

# I.

## INTRODUCTION

S. Henry Shaheen ("Shaheen", "Proponent" or "Debtor") is the Debtor in a Chapter 11 bankruptcy case.  On November 27, 2017, Shaheen commenced a bankruptcy case by filing a voluntary Chapter 11 petition under the United States Bankruptcy Code ("Code"), 11 U.S.C. §101, et seq.  This document is the Chapter 11 Plan ("Plan") proposed by Debtor.  Sent to you in the same envelope as this document is the Disclosure Statement ("Disclosure Statement") which has been approved by the United States Bankruptcy Court for the District of New Jersey (the "Court") under 11 U.S.C. §1125, and which is provided to help you understand the Plan.

This is a reorganization plan, wherein the Proponent seeks to accomplish payments under the Plan by reorganizing the Debtor's assets and liabilities under Chapter 11.  The Effective Date of the proposed Plan is the later of (a) thirty (30) days following the date on which the order of confirmation is signed by the United States Bankruptcy Court, (b) or the date on which the order of confirmation becomes final.

# II.

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

**A.      General Overview**

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code.  The Plan states whether each class of claims or interests is impaired or unimpaired.  The Plan provides the treatment each class will receive under the Plan.

**B.** **Definitions**

**Scope of Definitions.** For purposes of this Plan, except as expressly otherwise provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings assigned to them in this Section of the Plan. In all references herein to any parties, persons, entities, or corporations, the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text may require.

1.  **Administrative Expense** shall mean any cost or expense of administration of the Chapter 11 case allowable under Section 507(a) of the Bankruptcy Code, including, without limitation, any actual and necessary expenses of preserving the estate of the Debtor, any actual and necessary expense of operating the business of the Debtor, any indebtedness or obligation incurred or assumed by the Debtor in connection with the conduct of its business or for the acquisition or lease of property or the rendition of services to the Debtor, all allowances of compensation and reimbursement of expenses, any fees or charges assessed against the estate of any Debtor under Chapter 123, Title 28, of the United States Code, and the reasonable fees and expenses incurred by the Proponent in connection with the proposal and confirmation of this Plan.

2.  **Allowed** when used as an adjective preceding the words "Claims" or "Equity Interest", shall mean any Claim against or Equity Interests of the Debtor, proof of which was filed on or before the date designated by the Bankruptcy Court as the last date for filing proofs of claim or Equity Interest against such Debtor, or, if no proof of claim or Equity Interest is filed, which has been or hereafter is listed by the Debtor as liquidated in amount and not disputed or contingent and, in either case, a Claim as to which no objection to the allowance thereof has been interposed with the applicable period of limitations fixed by

2

the Plan, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Local Rules, or as to which any objection has been interposed and such Claim has been allowed in whole or in part by a Final Order. Unless otherwise specified in the Plan, "Allowed Claim" and "Allowed Equity Interest" shall not, for purposes of computation of distributions under the Plan, include interest on the amount of such Claim or Equity Interest from and after the Petition Date.

3.    **Allowed Administrative Expense** shall mean any Administrative Expense allowed under Section 507(a)(1) of the Bankruptcy Code.

4.    **Allowed Unsecured Claim** shall mean an Unsecured Claim that is or has become an Allowed Claim.

5.    **Bankruptcy Code** shall mean the Bankruptcy Reform Act of 1978, as amended, and as codified in Title 11 of the United States Code.

6.    **Bankruptcy Court** shall mean the United States Bankruptcy Court for the District of New Jersey having jurisdiction over the Chapter 11 Case and, to the extent of any reference made pursuant to 28 U.S.C. Section 158, the unit of such District Court constituted pursuant to 28 U.S.C. Section 151.

7.    **Bankruptcy Rules** shall mean the rules and forms of practice and procedure in bankruptcy, promulgated under 28 U.S.C. Section 2075 and also referred to as the Federal Rules of Bankruptcy Procedure.

8.    **Business Day** means and refers to any day except Saturday, Sunday, and any other day on which commercial banks in New Jersey are authorized by law to close.

9.    **Chapter 11 Case** shall mean a case under Chapter 11 of the Bankruptcy Code in which Mr. Shaheen is the Debtor.

10.    **Claim** shall mean any right to payment from the Debtor whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. All claims as such term is defined in section 101(5) of the Bankruptcy Code.

11.    **Class** shall mean a grouping of substantially similar Claims or Equity Interests for common treatment thereof pursuant to the terms of this Plan.

12.    **Code** shall mean Title 11 of the United States Code, otherwise known as the Bankruptcy Code.

13.    **Confirmation** shall mean the entry of an Order by this Court approving the Plan in accordance with the provisions of the Bankruptcy Code.

14.    **Confirmation Hearing** shall mean a hearing conducted before the Bankruptcy Court for the purpose of considering confirmation of the Plan.

15.    **Confirmation Order** shall mean an Order of the Bankruptcy Court confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

16.    **Creditor** shall mean any person that has a Claim against the Debtor that arose on or before the Petition Date or a Claim against the Debtor's estate of any kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code. This includes all persons, corporations, partnerships, or business entities holding claims against the Debtor.

17.    **Debt** shall mean, refer to and shall have the same meaning ascribed to it in Section 101(12) of the Code.

18.    **Debtor** shall mean Mr. Shaheen.

19.    **Disbursing Agent** shall mean Andrew J. Kelly, Esq. of The Kelly Firm, PC or any party appointed by and subject to Court approval, which shall effectuate this Plan and hold and distribute consideration to be distributed to holders of Allowed Claims and Allowed Equity Interests pursuant to the provisions of the Plan and Confirmation Order.

20.    **Disclosure Statement** means and refers to the Disclosure Statement filed by the Debtor, together with any additional modifications and amendments, as required pursuant to Section 1125 et seq. of the Bankruptcy Code.

21.    **Effective Date** shall mean the later of (a) thirty (30) days following the date on which the order of confirmation is signed, or (b) the date on which the order of confirmation becomes final.

22.    **Equity Interest Holder** shall mean the holder of an equity interest in the Debtor.

23.    **Equity Interest** shall mean any interest in the Debtor represented by stock, warrants, options, or other rights to purchase any shares of stock in the Debtor.

24.    **Final Order** shall mean an order of the Bankruptcy Court or a court of competent jurisdiction to hear appeals from the Bankruptcy Court which, not having been reversed, modified, or amended, and not being stayed, and the time to appeal from which or to seek review or rehearing of which having expired, has become final and is in full force and effect.

25.    **Impaired** when used as an adjective preceding the words "Class of Claims" or "Class of Equity Interest", shall mean that the Plan alters the legal, equitable, or contractual rights of the member of that class.

26.     **Person** shall mean an individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, or a government or any political subdivision thereof or other entity.

27.     **Petition Date** shall mean the date on which the Debtor filed this petition for relief commencing the Chapter 11 Case.

28.     **Plan** shall mean the Plan of Reorganization filed in these Proceedings, together with any additional modifications and amendments.

29.     **Priority Non-Tax Claim** shall mean a Claim entitled to priority under sections 507(a)(2), (3), (4), (5), (6) or (7) of the Bankruptcy Code, but only to the extent it is entitled to priority in payment under any such subsection.

30.     **Priority Tax Creditor** shall mean a Creditor holding a priority tax claim.

31.     **Priority Tax Claim** shall mean any Claim entitled to priority in payment under section 507(a)(8) of the Bankruptcy Code, but only to the extent it is entitled to priority under such subsection.

32.     **Proceedings** shall mean the Chapter 11 Case of the Debtor.

33.     **Professional Persons** means and refers to all attorneys, accountants, appraisers, consultants, and other professionals retained or to be compensated pursuant to an Order of the Court entered under Sections 327, 328, 330, or 503(b) of the Bankruptcy Code.

34.     **Professional Claim** means and refers to a claim by any and all professionals as provided for in Sections 327, 328, 330 and 503(b) of the Bankruptcy Code.

35.     **Proponent** means Shree.

36.     **Reorganized Debtor** means the Debtor after confirmation of the Plan.

6

37.     **Secured Claim** means and refers to a Claim which is secured by a valid lien, security interest, or other interest in property in which the Debtor has an interest which has been perfected properly as required by applicable law, but only to the extent of the value of the Debtor's interest in such property, determined in accordance with Section 506(a) of the Bankruptcy Code.

38.     **Unsecured Claim** shall mean any Claim against the Debtor which arose or which is deemed by the Bankruptcy Code to have arisen prior to the Petition Date for such Debtor, and which is not (i) a secured claim pursuant to Section 506 of the Bankruptcy Code, as modified by section 1111(b) of the Bankruptcy Code, or (ii) a Claim entitled to priority under sections 503 or 507 of the Bankruptcy Code. "Unsecured Claim" shall include all Claims against the Debtor that are not expressly otherwise dealt with in the Plan.

39.     **Other Definitions,** a term used and not defined herein but that is defined in the Bankruptcy Code shall have the meaning set forth therein. The words "herein", "hereof", "hereto, "hereunder", and others of similar import refer to the Plan as a whole and not to any particular section, subsection, or clause contained in the Plan. Moreover some terms defined herein are defined in the section in which they are used.

**C.      Unclassified Claims**

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code.  As such, the Proponent has not placed the following claims in a class.  The treatment of these claims is provided below.

1.      **Administrative Expenses and Fees**

Administrative expenses are claims for costs or expenses of administering the Debtor's

Chapter 11 case which are allowed under Code Section 503(b).  Fees payable to the Clerk of the

Bankruptcy Court and the Office of the United States Trustee were also incurred during the

Chapter 11 Case.  The Code requires that all administrative expenses be paid on the Effective

Date of the Plan, unless a particular claimant agrees to a different treatment.

The following chart lists all of the Debtor's unpaid administrative fees and expenses

("Compensation"), an estimate of future professional fees and other administrative claims and

fees and their treatment under the Plan:

| NAME | AMOUNT ESTIMATED | TREATMENT | TYPE OF CLAIM |
|---|---|---|---|
| The Kelly Firm, P.C., Counsel for Debtor | $50,000.00 | Paid in full on Effective Date or as otherwise agreed | Administrative |
| David M. Lederman, CPA Accountant for Debtor | $10,000.00 | Paid in full on Effective Date or as otherwise agreed | Administrative |
| Gerald Scala, Real Estate Broker for Debtor on Norwood Property | $250,000.00 | Paid in full on Effective Date or as otherwise agreed | Administrative |
| Clerk's Office Fees | Unknown | Paid in full on Effective Date | Administrative |
| Office of U.S. Trustee Fees | $325.00 | Paid in full on Effective Date | Administrative |
| | TOTAL: $310,325.00 | | |

Court Approval of Professional Compensation and Expenses Required:

The Court must approve all professional compensation and expenses. Each professional

person requesting compensation in the case pursuant to Sections 327, 328, 330, 331, 503(b) or

1103 of the Bankruptcy Code shall file an application for allowance of final compensation and reimbursement of expenses not later than ninety (90) days after the Confirmation Date.  Nothing herein shall prohibit each professional person from requesting interim compensation during the course of this case pending Confirmation of this Plan.  No motion or application is required to fix fees payable to the Clerk's Office or the Office of the United States Trustee, as those fees are determined by statute.

The Debtor will need to pay approximately $310,325.00 worth of administrative claims and fees on or before the Effective Date of the Plan unless a claimant has agreed to be paid later or the Court has not yet ruled on the claim.

2.    **Priority Tax Claims**

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8).  Unless the holder of such a § 507(a)(8) Priority Tax Claim agrees otherwise, it must receive the present value of such Claim, in regular installments paid over a period not exceeding 5 years from the order of relief.

The following chart lists all of the Debtor's Section 507(a)(8) Priority Tax Claims and their treatment under the Plan:

| DESCRIPTION | AMOUNT | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| Priority Tax Claim of: **U.S. Department of the Treasury Internal Revenue Service** | $18,273.41 | No | Payment Interval: One Time Payment on Sale of Wall Street Property<br><br>Payment amount/interval: $18,273.41<br><br>Begin Date: One Year Anniversary of Effective Date<br><br>End Date: |

| | | | |
|---|---|---|---|
| | | | N/A<br><br>Interest Rate:<br>N/A<br><br>Total payout (100%):<br>$18,273.41 |
| Priority Tax Claim of:<br>**State of New Jersey**<br>**Division of Taxation** | $4,980.77 | No | Payment Interval:<br>One Time Payment on sale<br>of Wall Street Property<br><br>Payment amount/interval:<br>$4,980.77<br><br>Begin Date:<br>One Year Anniversary of<br>Effective Date<br><br>End Date:<br>N/A<br><br>Interest Rate:<br>N/A<br><br>Total payout (100%):<br>$4,980.77 |

D.      **Claims and Interests**

1.      **Secured Claims**

Secured claims are claims secured by liens on property of the estate. The following chart lists all classes of creditors containing the holders of the Debtor's allowed secured pre-petition claims and their treatment under this Plan:

| CLASS # | DESCRIPTION | IMPAIRED<br>(Y/N) | TREATMENT |
|---|---|---|---|
| One | Secured Claim of:<br>**Nationstar Mortgage, LLC d/b/a**<br>**Mr. Cooper** | Yes | Payment interval:<br>One Time Payment on Sale of<br>Wall Street Property |

| | | | |
|---|---|---|---|
| | Collateral description:<br>Real property located at<br>18 Wall Street, West Long Branch,<br>NJ 07764<br><br>Collateral value:<br>$515,000<br><br>Claimed Priority of security int.:<br>First priority<br><br>Principal Owed:<br>$216,686.85<br><br>Pre-pet. Arrearage amount:<br>$375.31<br><br>Post-pet. Arrearage amount:<br>Not applicable<br><br>Total claim amount:<br>$215,998.22 | | Payment amount/interval:<br>$215,998.22<br><br>Balloon payment:<br>Balance of loan and interest<br>accrued to date to be paid at<br>closing of sale of property with no<br>prepayment penalty.<br><br>Begin date:<br>Within one year of Effective Date<br><br>End date:<br>N/A<br><br>Interest rate %:<br>N/A<br><br>Total payout (100%):<br>$215,998.22<br><br>Treatment of lien:<br>All principal and interest accrued<br>to date will be paid in full at the<br>closing of the sale of 18 Wall<br>Street, West Long Branch, New<br>Jersey, with no prepayment penalty<br>and the lien will be released. |
| Two | Secured Claim of:<br>**JPMorgan Chase Bank, N.A.**<br><br>Collateral description:<br>Real property located at<br>310-344 Norwood Avenue, West<br>Long Branch, NJ 07764<br><br>Collateral value:<br>$5,250,000<br><br>Claimed Priority of security int.:<br>First priority<br><br>Principal Owed:<br>$536,339.86<br><br>Pre-pet. Arrearage amount:<br>$723,139.48<br><br>Post-pet. Arrearage amount:<br>Not applicable<br><br>Total claim amount:<br>$1,094,466.01 | Yes | Payment interval:<br>Within one year of Effective Date<br><br>Payment amount/interval:<br>$1,094,466.01<br><br>Balloon payment:<br>Balance of loan and interest<br>accrued to date to be paid at<br>closing of sale of property with no<br>prepayment penalty.<br><br>Begin date:<br>Within one year of Effective Date<br><br>End date:<br>N/A<br><br>Interest rate %:<br>4.094%<br><br>Total payout (100%):<br>$1,094,466.01<br><br>Treatment of lien:<br>All principal and interest accrued<br>to date will be paid in full at the<br>closing of the sale of the 310-344 |

| | | | Norwood Avenue West Long Branch, NJ property with no prepayment penalty and the lien will be released. |
|---|---|---|---|
| Three | Secured Claim of:<br>**Davis Stern, Illya Trincher, John Hanson, and P.T.N.A. (25% each)**<br><br>Collateral description:<br>Real property located at<br>225 Liberty Street, Long Branch, NJ 07740[1]<br>and<br>18 Wall Street, West Long Branch, NJ 07764<br>and<br>310-344 Norwood Avenue, West Long Branch, NJ 07764<br><br>Collateral value:<br>Unknown<br><br>Claimed Priority of security int.:<br>Second priority on 18 Wall Street, west Long Branch, NJ 07740 and 31-344 Norwood Avenue, West Long Branch, NJ 07764, respectively<br><br>Principal Owed:<br>$1,400,000.00<br><br>Pre-pet. Arrearage amount:<br>Unknown<br><br>Post-pet. Arrearage amount:<br>Unknown<br><br>Total claim amount:<br>Unknown | Yes | Payment interval:<br>Within one year of Effective Date<br><br>Payment amount/interval:<br>N/A<br><br>Balloon payment:<br>Balance of loan and interest accrued to date to be paid at closing of sale of property with no prepayment penalty.<br><br>Begin date:<br>Within one year of Effective Date<br><br>End date:<br>N/A<br><br>Interest rate %:<br>N/A<br><br>Total payout (100%):<br>$1,400,000.00<br><br>Treatment of lien:<br>All principal and interest accrued to date will be paid in full at the closing of the sale of the 310-344 Norwood Avenue West Long Branch, NJ property with no prepayment penalty and the lien will be released. |

2.      **Priority Unsecured Claims**

Certain priority unsecured claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), and (7) are entitled to priority treatment.

None.

---

[1] 225 Liberty Street, Long Branch, NJ real property is owned by Rivers Edge Mall, Inc., and consequently the subject real estate is not property of the Debtor's Chapter 11 estate under 11 U.S.C. §541.

3. **General Unsecured Claims**

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a). The following chart identifies this Plan's treatment of the classes containing all of Debtor's general unsecured claims:

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| Four | **General unsecured claims**<br>Total amt. of claims as estimated:<br><br>$1,527,453.54 | Yes | Payment interval:<br>Single payment<br><br>Payment amount/interval:<br>$1,537,453.54<br><br>Begin date:<br>Third anniversary of the Effective Date<br><br>End date:<br>Third anniversary of the Effective Date<br><br>Interest rate %:<br>0.0%<br><br>Total payout (100%):<br>$1,527,453.54 |

**4.**      **Class(es) of Interest Holders**

Interest holders are the parties who hold ownership interest (i.e., equity interest) in the Debtor.  If the Debtor is a corporation, entities holding preferred or common stock in the Debtor are interest holders.  If the Debtor is a partnership, the interest holders include both general and limited partners.  If the Debtor is a limited liability company, the interest holders include all members.  If the Debtor is an individual, the Debtor is the interest holder.  The following chart identifies the Plan's treatment of the class of interest holders:

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---------|-------------|----------------|-----------|
| Five | Interest holders: **Shaheen H. Shaheen (100%)** | No | Will retain interest |

**E.**      **Means of Effectuating the Plan**

1.      **Funding for the Plan**

The Plan will be funded as follows:

The Debtor will fund the Plan through the sale of two properties, 310-344 Norwood Avenue, West Long Branch, New Jersey, and 18 Wall Street, West Long Branch, New Jersey. The payments to be made under the Plan over time will allow the Debtor to pay his secured and administrative debts in full with a dividend to his unsecured creditors.  The mortgages on each property will be paid in full and all liens will be released upon the closing of the sale of each respective property, with any valid liens attaching to the proceeds of sale. The remaining proceeds from the property sales will fund the remainder of the plan payments.

2.      **Disbursing Agent**

Andrew J. Kelly, Esq. of The Kelly Firm, PC shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan.  The Disbursing Agent shall be compensated as approved upon application to the Court as an administrative claimant.

### III.

### TREATMENT OF MISCELLANEOUS ITEMS

A.      **Executory Contracts and Unexpired Leases**

1.      **Assumptions**

The following are the unexpired leases and executory contracts to be assumed as obligations of the reorganized Debtor under this Plan:

None.

2.      **Rejections**

On the Effective Date, all executory contracts not assumed shall be deemed to be rejected.

The order confirming the Plan shall constitute an order approving the rejection of the lease or contract.  If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.  See Disclosure Statement for the specific date.

**THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS _____.**

Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

B.    **Changes in Rates Subject to Regulatory Commission Approval**

This Debtor is not subject to governmental regulatory commission approval of its rates.

C.    **Retention of Jurisdiction**.

The Court shall retain jurisdiction of this case pursuant to the provisions of Chapter 11 of the Bankruptcy Code, pending the final allowance or disallowance of all Claims affected by the Plan, and to make such orders as are necessary or appropriate to carry out the provisions of this Plan.

In addition, the Court shall retain jurisdiction to implement the provisions of the Plan in the manner as provided under Section 1142, sub-paragraphs (a) and (b) of the Bankruptcy Code. If the Court abstains from exercising, or declines to exercise jurisdiction, or is otherwise without jurisdiction over any matter set forth in this Section, or if the Debtor or the reorganized debtor elect to bring an action or proceeding in any other forum, then this Section shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court, public authority or commission having competent jurisdiction over such matters.

D.    **Procedures for Resolving Contested Claims.**

Objections to Claims and interests, except for those Claims more specifically deemed Allowed in the Plan, may be filed by the reorganized debtor or any party in interest up to and including sixty (60) days following the entry of the Confirmation Order.  With respect to disputed Claims or interests, the Disbursing Agent will hold in a separate interest bearing reserve

account such funds as would be necessary in order to make the required distribution on the Claim

or interest, as listed either in the Debtor's schedules or the filed proof(s) of claim.

E.      **Notices under the Plan**

All notices, requests or demands with respect to this Plan shall be in writing and shall be

deemed to have been received within five (5) days of the date of mailing, provided they are sent

by registered mail or certified mail, postage prepaid, return receipt requested, and if sent to the

Proponent, addressed to:

**The Kelly Firm, P.C.**
**Attn: Andrew J. Kelly, Esq.**
**1011 Highway 71, Suite 200**
**Spring Lake, New Jersey 07762**
**Telephone: 732-449-0525**

*[Remainder left intentionally blank]*

## IV.

## EFFECT OF CONFIRMATION OF PLAN

A.    **Discharge**

This Plan provides that upon confirmation of the Plan, Debtor shall be discharged of liability for payment of debts incurred before Confirmation, to the extent specified in 11 U.S.C.§ 1141.  However, any liability imposed by the Plan will <u>not</u> be discharged.  If Confirmation of this Plan does not occur, the Plan shall be deemed null and void.  In such event, nothing contained in this Plan shall be deemed to constitute a waiver or release of any claims against the Debtor or its estate or any other persons, or to prejudice in any manner the rights of the Debtor or its estate or any person in any further proceeding involving the Debtor or its estate.  The provisions of this Plan shall be binding upon Debtor, all Creditors and all Equity Interest Holders, regardless of whether such Claims or Equity Interest Holders are impaired or whether such parties accept this Plan, upon Confirmation thereof.

B.    **Revesting of Property in the Debtor**

Except as provided in Section IV.D. hereinafter, and except as provided elsewhere in the Plan, the Confirmation revests all of the property of the estate in the Debtor.

C.    **Modification of Plan**

The Proponent of the Plan may modify the Plan at any time before Confirmation. However, the Court may require a new disclosure statement on the Plan if Proponent modifies the Plan before Confirmation.

The Proponent may also seek to modify the Plan at any time after Confirmation so long as (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modification after notice and a hearing.

D.      **Post-Confirmation Conversion/Dismissal**

A creditor or party in interest may bring a motion to convert or dismiss the case under §

1112(b), after the Plan is confirmed, if there is a default in performing under the Plan.  If the

Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that

had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan,

will revest in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested

property only to the extent that relief from stay was not previously granted by the Court during

this case.

E.      **Post-Confirmation Quarterly Fees**

Quarterly fees pursuant to 28 U.S.C. Section 1930 (a)(6) continue to be payable to the

office of the United States trustee post-confirmation until such time as the case is converted,

dismissed, or closed pursuant to a final decree.